UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
Earl L. Pickett Enterprises,    )
Inc.,                           )        Case No. 12-81284C-11D
                                )
            Debtor.             )
                                )

OPINION AND ORDER

This case came before the court on November 29, 2012, for hearing on the Motion to Stay Lawsuits Against Earl L. Pickett (Docket #39) ("Motion") filed by the Debtor, Earl L. Pickett Enterprises, Inc.  Having considered the Motion, the evidence offered at the hearing and the arguments of counsel, the court finds and concludes as follows:

(1)  This chapter 11 case was filed by Earl L. Pickett Enterprises, Inc. ("Debtor") on August 29, 2012.  The Debtor has continued in the possession and control of its assets and is continuing to operate its business as a chapter 11 debtor in possession.

(2)  Earl L. Pickett is the sole shareholder, sole director, president and chief operating officer of the Debtor.  Mr. Pickett manages the ongoing business operations of the Debtor and is managing the efforts of the Debtor to reorganize its affairs in this case.

(3)  Two lawsuits are pending against Mr. Pickett in the Superior Court of Wake County.  One of the lawsuits was brought by The Pantry, Inc., and seeks a recovery of $87,941.58 plus attorneys'

fees and costs.   The other lawsuit was brought by Mansfield Oil Company of Gainesville Georgia, Inc., and seeks a recovery of $19,355.56 plus attorneys' fees and costs.   In each of the lawsuits, the basis for the claim against Mr. Pickett is a personal guaranty allegedly executed by Mr. Pickett guaranteeing the obligations of the Debtor to the respective plaintiffs.

(4)   The Motion was filed by the Debtor on October 23, 2012. The Motion seeks an order "extending the provisions of the Automatic Stay" to the two lawsuits pending against Mr. Pickett.   (5)   T h e general rule is that the automatic stay provided under section 362 of the Bankruptcy Code is not available to non-debtor third parties. Winters v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996). This general rule, however, is subject to an exception which the Court described in Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988), as follows:

> We recognized in Robins[1] that in "unusual circumstances" a court, pursuant to section 362, may properly stay proceedings against non-bankrupt codefendants of the bankrupt debtor.   Such unusual circumstances might arise where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or a finding against the debtor," id. At 999, or where proceedings against non-debtor codefendants would reduce or diminish "the property of the debtor [such as the debtor's insurance fund or pool] to the detriment of the debtor's creditors as a whole." Id. at 1008.

(6) In arguing that the above-described exception is applicable

---

[1]A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

in this case, the Debtor points to the fact that Mr. Pickett has been sued as a guarantor of obligations of the Debtor. The Debtor argues that this creates the required identity of interest between the Debtor and Mr. Pickett in that Mr. Pickett will be entitled to indemnity from the Debtor if he is held liable as a guarantor of the Debtor's obligations.

(7) In both the <u>Williams</u> and the <u>Winters</u> cases, guarantors of a bankruptcy debtor's obligations sought to invoke the automatic stay protection afforded under section 362. In both cases, the court rejected the guarantor's efforts to invoke the automatic stay. In <u>Williams</u>, the court explained:

> Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt. Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. Chapter 13, for example, contains a narrowly drawn provision to stay proceedings against a limited category of individual cosigners of consumer debts. <u>See</u> 11 U.S.C. § 1301(a). No such protection is provided to the guarantors of Chapter 11 bankrupts by § 362(a). <u>See</u> <u>Williford</u>, 715 F.2d at 126-27.

851 F.2d at 121.

(8) After noting that under section 502(e), the indemnity claim of a guarantor who has paid a creditor of the bankrupt is entitled to no better status than the claim the creditor would have if the guarantor had not paid the creditor, the <u>Williams</u> court stated:

> There is nothing "unusual" about this guaranty agreement that would permit the guarantor, Williams, to invoke the statutory protection of § 362 or that would

permit us to stay the enforcement of the New York judgment against him on equitable grounds. See A.H. Robins, 788 F.2d at 1000. It is unnecessary to stay proceedings or void the judgment against the non-bankrupt guarantor to protect [the debtor] or to prevent the dissipation of its assets, since neither [the debtor] nor its estate is jeopardized by the judgment against Williams. "The very purpose of a guaranty is to assure the [creditor] that in the event the [debtor] defaults, the [creditor] will have someone to look to for reimbursement." [citation omitted] The purpose of the guaranty would be frustrated by interpreting § 362 so as to stay Credit Alliance's action against the non-bankrupt guarantor when the defaulting creditor petitioned for bankruptcy.

851 F.2d at 121-22.

(9) In denying stay relief to a guarantor in Winters, the court pointed out that the exception recognized in Robins was a "narrow exception" and again ruled that the guarantor's claim did not present the "unusual situation" contemplated under the Robins decision in order for the automatic stay to be extended to a non-bankrupt party. 94 F.3d at 133-34.

(10) Similarly, the fact that Mr. Pickett is a guarantor of the Debtor's obligations to the plaintiffs in the pending lawsuits is insufficient to constitute the "unusual circumstances" contemplated under the Robins decision before the automatic stay may be extended to a non-bankrupt entity. Contrary to the Debtor's argument, a judgment against Mr. Pickett will not necessarily prejudice the Debtor since under section 502(e)(1) a guarantor's claim for reimbursement or contribution is entitled to no better status than the claim of the creditor guaranteed by such guarantor. See Capitol Indus., Inc. v. Regal Cinemas, Inc. (In re Regal Cinemas, Inc.), 393

F.3d 647, 650 (6th Cir. 2003).

(11) Nor is this a case in which there is a pool of insurance proceeds or other assets in the estate that will be diminished by claims that will arise if the suits against Mr. Pickett are not made subject to the automatic stay, as was the circumstance in Robins.

(12) The evidence also was insufficient to show that the pending lawsuits will make such a demand upon Mr. Pickett's time and attention that this case should be treated as involving "unusual circumstances" for purposes of the exception recognized in Robins. The two lawsuits are suits on accounts owed to the plaintiffs by the Debtor.   Neither lawsuit appears to be so complex factually or legally that Mr. Pickett would not be left with sufficient time to fulfill his role in assisting with the formulation of a plan of reorganization for the Debtor while continuing to manage the operations of the Debtor.

(13) Thus, there has been no showing of "unusual circumstances" in this case that would permit the court to extend the automatic stay to Mr. Pickett. See In re Riverfront Props., Inc., 405 B.R. 570, 575 (Bankr. D.S.C. 2009).   Accordingly, the Debtor's motion must be denied.

IT IS SO ORDERED.

This 5th day of December, 2012.

William L. Stocks
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Douglas Q. Wickham, Esq.
P.O. Box 527
Raleigh, NC 27602

Charles F. Carpenter, Esq.
P.O. Box 3600
Durham, NC 27702

Michael D. West, Bankruptcy Administrator